IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ENCOMPASS HEALTH  §<br>REHABILITATION HOSPITAL §<br>OF TEXARKANA, INC. §<br>  §<br>  §<br>V. §<br>  §<br>SECRETARY XAVIER §<br>BECERRA §  | Civil Action No. 5:22-cv-00148-RWS-JBB |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. 636. Defendants' Motion to Dismiss (Dkt. No. 10) is pending before the Court. Having carefully considered the relevant briefing, the undersigned recommends the motion be **DENIED.**

### I. Background

This is a complaint brought by Encompass Health Rehabilitation Hospital of Texarkana, Inc. ("Plaintiff"), an inpatient rehabilitation facility owned and operated by Encompass Health Corporation, against the Secretary of the United States Department of Health and Human Services ("Defendant") for judicial review of a final agency decision. Plaintiff seeks review of three Medicare Appeals Council ("Council") administrative decisions denying inpatient rehabilitation facility claims. Specifically, Plaintiff is requesting the Court to reverse the final agency decisions pertaining to the denial of three Medicare claims.

Plaintiff asserts that "[a]t all times relevant hereto, Encompass Health was a Medicare-certified provider of inpatient rehabilitation services." *Id.*, ¶11. An inpatient rehabilitation facility

1

("IRF") is designed to "provide intensive rehabilitation therapy in a resource-intensive inpatient hospital environment for patients who, due to the complexity of their nursing, medical management, and rehabilitation needs, require and can reasonably be expected to benefit from an inpatient stay and an interdisciplinary team approach to the delivery of rehabilitation care." Dkt. No. 10 at 2. Medicare may cover IRF services for individuals whose "illnesses or injuries necessitate intensive rehabilitation when the services meet coverage criteria and documentation requirements;" however services that are unreasonable or unnecessary will not be covered. *Id.* Plaintiff now seeks judicial review of the three Medicare Appeals Council administrative decisions denying inpatient rehabilitation facility (IRF) claims. Plaintiffs appeal the Secretary's final decision because (1) they are not supported by substantial evidence; and (2) they did not apply the correct legal standards. Dkt. No. 1 at 10-11.

## II. Defendant's Motion to Dismiss

In its motion to dismiss, Defendant makes three separate arguments as to why Plaintiff's complaint fails as a matter of law and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). First, Defendant argues that Plaintiff failed to comply with the regulations that required them to identify exceptions to the ALJ's decision in their request for Council review. Dkt. No. 10 at 1 (referencing 42 C.F.R. § 405.1112(b)). Second, Defendant argues that Plaintiff failed to allege any facts which plausibly show that any of Defendant's decisions were not supported by substantial evidence. *Id.* According to Defendant, the complaint's allegations are conclusory because Plaintiff simply restates the standard for agency review and "mere conclusions that it meets those standards." *Id.* at 12. Lastly, Defendant argues that Plaintiff failed to allege facts that plausibly show that Defendant did not apply the correct legal standards to its claims. *Id.* Plaintiff disagrees on all fronts.

### III. RELEVANT MEDICARE BACKGROUND

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Pfang v. Lamar Inst. of Tech.*, No. 1:23-CV-93, 2023 WL 5017204, at *8 (E.D. Tex. Aug. 5, 2023) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002); also citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face")). Such a motion is "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Id*. (quoting *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020)).

"[T]he plaintiff's complaint [must] be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Id*. (quoting *Oscar Renda Contracting, Inc. v. Lubbock*, 463 F.3d 378, 381 (5th Cir. 2006)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). Accordingly, "a complaint's allegations 'must make relief plausible, not merely conceivable, when taken as true.'" *Id*. (quoting

*United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009)).

In evaluating motions to dismiss filed under Rule 12(b)(6), the court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Id.* at 735 (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th. Cir. 1986)). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). On the other hand, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557)).

## IV. RELEVANT BACKGROUND ON MEDICARE

### A.    Medicare and Inpatient Rehabilitation Services

"Medicare is a federally funded health insurance program for the elderly and disabled." *Angelitos Health Care, Inc. v. Becerra*, No. 7:20-CV-0035, 2022 WL 981966, at *2 (S.D. Tex. Feb. 1, 2022), *report and recommendation adopted*, No. 7:20-CV-0035, 2022 WL 980705 (S.D. Tex. Mar. 31, 2022), *aff'd*, No. 22-40298, 2023 WL 2941459 (5th Cir. Apr. 13, 2023) (citing *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 506, 114 S. Ct. 2381, 129 L. Ed. 2d 405 (1994)). Medicare is administered by the Centers for Medicare and Medicaid Services ("CMS"), and one of its objectives is to reimburse healthcare providers who render services to beneficiaries. *Id.* (citing *Maxmed Healthcare, Inc. v. Price*, 860 F.3d 335, 337 (5th Cir. 2017)). "CMS contracts with Medicare Administrative Contractors ("MACs"), which are private government contractors, to process and make these reimbursements." *Family Rehab., Inc. v. Azar*, 886 F.3d 496, 499 (5th Cir. 2018). Medicare will not make payments to health care providers if

4

the services "are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member." 42 USCS § 1395y(a)(1)(A).

**B.      Administrative Appeals Process**

A provider dissatisfied with an initial determination denying a claim for payment may appeal the determination through a four-level administrative appeals process.

- First, a provider may submit a claim to the Medicare Administrative Contractor (MAC) for redetermination. 42 U.S.C. § 1395ff(a)(3)(A).

- Second, it may ask for reconsideration from a Qualified Independent Contractor (QIC). 42 U.S.C. § 1395ff(c), (g); 42 C.F.R. § 405.904(a)(2).

- Third, the health care provider may request *de novo* review before an Administrative Law Judge ("ALJ") within the Office of Medicare Hearings and Appeals (OMHA), an agency independent of CMS. 42 U.S.C. § 1395ff(d); 42 C.F.R. § 405.1000(d).

- Fourth, the provider may appeal to the Council, an organization independent of both CMS and OMHA. 42 C.F.R. § 405.1100. The Council reviews the ALJ's decision *de novo*.

"At steps one and two, a provider may submit additional evidence and must put forth a written explanation of its disagreement with the initial determination." *Sahara Health Care, Inc. v. Azar*, 975 F.3d 523, 526 (5th Cir. 2020). During the third stage, the service provider has the opportunity to "have a live hearing, present testimony, cross-examine witnesses, and submit written statements of law and fact." *Family Rehab., Inc.*, 886 F.3d at 499. During the fourth stage, the Council reviews the ALJ's decision *de novo*, and their review is considered the final decision of the Secretary. *Angelitos Health Care, Inc.*, 2022 WL 981966, at *3.

If the service provider is dissatisfied with the final decision, they may seek judicial review "by commencing a civil action in an appropriate federal district court." *Id.*; (citing 42 U.S.C. §

1395ff(b)(1)(A)). The District Court will apply a substantial evidence standard of review for Medicare final decisions. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). "Pursuant to 42 U.S.C. § 405(g), a district court's review of a final agency decision is limited to (1) whether the agency applied the proper legal standards and (2) whether substantial evidence on the record as a whole supports the agency's decision." *Angelitos Health Care, Inc.*, 2022 WL 981966, at *6 (citing *Estate of Morris*, 207 F.3d at 745). Generally, a dissatisfied provider may only file a complaint with the United States District Court after satisfying all four stages of administrative appeal—i.e., after the Council has rendered a decision. 42 U.S.C. § 405(g), (h).

## V. Discussion

### A. Administrative Procedural History

Plaintiff billed Medicare for IRF services provided to three Medicare beneficiaries by submitting claims for the services to the MAC, which then processed the claim on behalf of CMS. Dkt. No. 10 at 4 (citing Dkt. No. 1, ¶¶ 19-20). The MAC issued initial determinations for each beneficiary (Beneficiaries H.W., R.M., and C.G.) denying the claims because, according to Defendants, "the submitted documentation lacked sufficient medical justification to support that the admission would be reasonable and necessary." *Id.* at 4-5 (citing Dkt. Nos. 10-1 at 45, 10-2 at 48, 10-3 at 42).

Plaintiff requested redetermination by the MAC and submitted additional documentation for each beneficiary. *Id.* at 5. The MAC denied all three claims after reviewing the submitted documentation. *Id.* (citing Dkt. Nos. 10-1 at 44-50, 10-2 at 47- 54, 10-3 at 41-46).

Plaintiff then requested reconsideration by the Qualified Independent Contractors ("QICs"). *Id.* (citing Dkt. Nos. 10-1 at 43, 10-2 at 46, 10-3 at 40). According to Defendant, "[t]he QIC found that the documentation did not report medical or nursing needs complex enough to

6

require IRF care." *Id.* (citing Dkt. Nos. 10-1 at 39, 10-2 at 42, 10-3 at 34).

Plaintiff next sought review by an Administrative Law Judge ("ALJ") for the three claims. *Id.* (citing Dkt. Nos. 10-1 at 27-32, 10-2 at 29-35, 10-3 at 25-29). Each claim request was assigned to a different ALJ, and each ALJ issued Encompass unfavorable decisions after a hearing. *Id.*

Plaintiff then sought a Council review for the three claims. *Id.* (citing Dkt. Nos. 10-1 at 5-22, 10-2 at 5-23, 10-3 at 5-19). The Council issued a decision adopting each of the ALJs' decisions. *Id.* 5-7.

**B. Plaintiff's alleged failure to raise any exceptions to the ALJ's decision in its request for Council review should be decided at summary judgment**

Defendant argues that the Court should dismiss Plaintiff's claims because its hearing request for Council review did not raise specific exceptions to the ALJ's findings pursuant to 42 C.F.R. § 405.1112(b). Dkt. No. 10 at 8-9. According to Defendant, because Plaintiff failed to raise exceptions to the ALJ's findings, the Council affirmed the ALJ's decisions pursuant to 42 C.F.R. § 405.1112(c)'s requirements. *Id.* at 11. As a result of this alleged noncompliance, Defendant argues that Plaintiff is barred from challenging the ALJ's decision because they were not properly raised before the Council. *Id.* at 8.

Section 405.1112(b) states, in pertinent part, as follows:

> [t]he request for review must identify the parts of the ALJ's or attorney adjudicator's action with which the party requesting review disagrees and explain why he or she disagrees with the ALJ's or attorney adjudicator's decision, dismissal, or other determination being appealed. For example, if the party requesting review believes that the ALJ's or attorney adjudicator's action is inconsistent with a statute, regulation, CMS Ruling, or other authority, the request for review should explain why the appellant believes the action is inconsistent with that authority.

42 C.F.R. § 405.1112(b)

According to Defendant, when "Encompass requested review of the ALJs' decisions, it did

7

not identify the parts of the ALJ's decision that it disagrees with and explain why it disagrees with those findings" Dkt. No. 10 at 10. In support of their argument, Defendants cite *Palm Valley Health Care Inc. v. Azar,* 947 F.3d 321, 327 (5th Cir. 2020), wherein the Fifth Circuit found that if a provider fails to exhaust its challenge to an issue at the administrative level, federal courts cannot consider that issue on review. *Id.* at 10. Thus, Defendant argues that because Plaintiff did not raise specific arguments before the Council, these issues have not been challenged at the administrative level and should not be before this Court for review. *Id.* at 11. In its response, Plaintiff argues that it complied with 42 C.F.R. § 405.1112(b)'s requirements and that Defendant has distorted this statute to make it more demanding. Dkt. No. 11 at 11. Plaintiff claims that its appeal forms properly identified the part of each ALJ decision it intended to appeal, which in each case was the ALJ's coverage determinations and the ALJ's failure to weigh the evidence presented at the hearing. *Id.*at 11-12.

      Although noncompliance with 42 C.F.R. § 405.1112(b) is a valid argument for restraining claims that were not raised before the Council from judicial review, a motion to dismiss is not the proper avenue in resolving this dispute. In essence, the Court would have to determine if the Council correctly applied the relevant law, 42 C.F.R. § 405.1112(b), when deciding to affirm the ALJ's findings. *See* Dkt. Nos. 10-1 at 4; 10-2 at 4; 10-3 at 4. According to the decision letters from each claim, the Council affirmed the ALJ's findings due to the request for review not identifying any error in the ALJ's findings or explaining how they were not supported by the record. *Id.* Resolving this dispute would involve looking at more than the complaint in this case, as the Defendants are not requesting dismissal due to the sufficiency of the complaint but instead are requesting dismissal based on exhaustion issues. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other

sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). Considering this, dismissal should not be warranted based on this exhaustion issue. As explained below, such issues are usually raised and resolved later in the case with a summary judgment motion.

### C.  The sufficiency of Plaintiff's pleadings

Defendant's final two arguments pertain to the sufficiency of Plaintiff's pleadings. First, Defendant argues that Plaintiff "pleads no facts to plausibly show that the Secretary's decisions are not supported by substantial evidence." Dkt. No. 10 at 1. According to Defendant, the allegations are conclusory allegations that are "masquerading as factual conclusions [and] will not suffice to prevent a motion to dismiss." *Id.* at 11-12. Plaintiff disagrees with this contention and argues that the Council's decisions were not supported by substantial evidence because their appeal submissions complied with the administrative requirements for appeals. Dkt. No. 11 at 14.

In its second argument, Defendant argues that Plaintiff failed to allege facts that plausibly state that the Secretary did not apply the correct legal standards during its decisions regarding the three Medicare claims. Dkt. No. 10 at 12. According to Defendant, in their complaint, Plaintiff did not specify how the Secretary failed to apply the correct legal standard governing administrative claim appeal procedures. *Id.* at 13. In response, Plaintiff claims that it complied with the "content and timeliness requirements for appeals under applicable regulations and that it met all required documentation and coverage requirements for IRF services." Dkt. No. 11 at 15 (citing Dkt. No. 1, ¶¶ 37-39). As such, "the Council's demands for more detailed appeal submissions [] run counter to the fact that the Medicare claim appeal process is intentionally informal… [and] strongly suggest that the Council has incorrectly applied the appeal procedure regulations[.]" *Id.* at 13.

9

Summary judgment is the proper mechanism for review of agency decisions. *Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 214 (5th Cir. 1996) ("We have consistently upheld, without comment, the use of summary judgment as a mechanism for review of agency decisions."); *Angelitos Health Care, Inc.*, 2022 WL 981966 at, *6; *see also Cypress Home Care, Inc. v. Azar*, 326 F. Supp. 3d 307, 312 (E.D. Tex. June 11, 2018) ("Summary judgment is the preferred procedural mechanism for resolving appeals of final agency decisions."). The Fifth Circuit has "consistently upheld" the use of summary judgment as "a mechanism for review of agency decisions," explaining:

> The summary judgment procedure is particularly appropriate in cases in which the court is asked to review or enforce a decision of a federal administrative agency. The explanation for this lies in the relationship between the summary judgment standard of no genuine issue as to any material fact and the nature of judicial review of administrative decisions.... [T]he administrative agency is the fact finder. Judicial review has the function of determining whether the administrative action is consistent with the law—that and no more.

*Girling Health Care, Inc.*, 85 F.3d 211 at 214–15 (alterations in original) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2733 (1983)).

Plaintiff's complaint is one for judicial review of an agency decision, which means the more appropriate procedure for Defendant is a motion for summary judgment. Defendant has failed to show that dismissal at this stage and in this type of case is proper within this jurisdiction.[1]

---

[1] Within the Fifth Circuit, there is only one case where a motion to dismiss was used for reviewing an agency decision, and it was the same parties in this matter, however, in a different district. The same parties have a similar dispute in the Texas Western District Court; however, instead of three petitions of council review, Plaintiff brought thirteen against Defendant. In that case, Defendant Becerra brought a motion to dismiss before the Magistrate Judge, ultimately making similar arguments to the ones contained in the instant motion. The report recommended the following:

> In its Complaint for Judicial Review, Encompass Health pleads it has obtained the Secretary's final agency decisions as to the thirteen decisions it is appealing and exhausted its administrative remedies. (Doc. 1 at 9). Further, Encompass Health pleads the Secretary's final decisions are not supported by substantial evidence and do not apply the correct legal standards. *Id.* at 10-11.

As such, due to the type of case at hand and its procedural posture, dismissal is not appropriate at this time.

## VII. RECOMMENDATION

Based on the foregoing analysis, it is hereby

**RECOMMENDED** that Defendants motion to dismiss (Dkt. No. 10) be **DENIED.**

<u>Objections</u>

Within <u>fourteen (14) days</u> after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Any response to the objections shall be filed within <u>seven (7) days</u>. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

---

Additionally, the Court remains unpersuaded that dismissal of Encompass Health's Complaint for judicial review is appropriate at this stage, as Becerra presents no case law where any other court has dismissed a plaintiff's complaint for judicial review of a final agency action at the 12(b)(6) stage. As such, the Court finds Defendant Becerra's arguments better suited for adjudication later in the case, when the Court can conduct a fact-intensive analysis. Assuming this Recommendation is adopted by the District Judge, a briefing schedule more akin to appellate review will be forthcoming.

*Encompass Health Rehab. Hosp. of Midland Odessa, LLC v. Becerra*, 2023 U.S. Dist. LEXIS 208634, *7-8 (W.D. Tex. Nov. 21, 2023).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this the 28th day of February, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE