IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ENCOMPASS HEALTH REHABILITATION HOSPITAL OF TEXARKANA, INC., § § § § Plaintiff, § § v. § CIVIL ACTION NO. 5:22-CV-148-RWS-JBB § XAVIER BECERRA, Secretary, United § States Department of Health and Human § Services, § § Defendant. § | |

## ORDER

Before the Court are Defendant Xavier Becerra's—Secretary of the United States Department of Health and Human Services ("HHS")—objections to the Magistrate Judge's Report and Recommendation. Docket No. 19. The case was referred to United States Magistrate Judge Boone Baxter pursuant to 28 U.S.C. § 636(b)(1). Docket No. 2.

## BACKGROUND

Plaintiff Encompass Health Rehabilitation Hospital of Texarkana seeks judicial review of three Medicare Appeals Council ("Council") administrative decisions denying inpatient rehabilitation facility claims. Docket No. 1. Plaintiff argues these final decisions are not supported by substantial evidence and apply incorrect legal standards. *Id.* ¶¶ 41–51.

Defendant moved to dismiss the complaint because (1) Plaintiff failed to identify exceptions to the administrative law judge's ("ALJ") decision in its request for Council review, (2) Plaintiff fails to plausibly allege facts that show Defendant's decisions were not supported by substantial evidence, and (3) Plaintiff fails to plausibly allege facts that show Defendant applied

incorrect legal standards. Docket No. 10. The Magistrate Judge recommended Defendant's motion be denied on February 28, 2024. Docket No. 18. Defendant timely filed the objections now before the Court. Docket No. 19.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal where a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). For motions to dismiss under Rule 12(b)(6), a court must assume that all well-pleaded facts are true and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

The Court must then decide whether those facts state a claim that is plausible on its face. *Bowlby*, 681 F.3d at 219. The complaint need not contain detailed factual allegations, but the plaintiff must plead sufficient factual allegations to show that they are plausibly entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–70 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Federal Rule of Civil Procedure 8). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 673 (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Defendant objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the report of the Magistrate Judge is correct and that Defendant's objections are without merit.

Defendant contends that the report erred by stating that a motion to dismiss is not the proper avenue to resolve a dispute that was not raised before the Council. Docket No. 19 at 1. Defendant argues that Federal courts routinely dismiss requests for administrative review under 42 U.S.C. § 405(g) under Rule 12(b)(6), especially for cases that involve administrative exhaustion issues. *Id.* at 2–4 (citing *Heckler v. Ringer*, 466 U.S. 602, 603 (1984) and *Fleming v. Leavitt*, No. 07-10107, 2008 WL 174204, at *4 (5th Cir. Jan. 18, 2008) and then citing *Sonas Med. Supply, Inc. v. Becerra*, No. 4:21-CV-529, 2023 WL 3021511 (E.D. Tex. Apr. 23, 2023)). Defendant primarily argues that the circumstances here are like those of *Sonas*, where the Court dismissed the plaintiff's claim because the plaintiff had failed to request an ALJ hearing before the regulatory deadline. *See* 2023 WL 3021511, *3–4, 7–8. Defendant argues that, as in *Sonas*, it is appropriate to dismiss this case because Defendant asserts that Plaintiff failed to follow critical procedural rules to properly exhaust its administrative remedies. Specifically, Defendant alleges Plaintiff failed to object to the administrative law judge's findings regarding its claims in the manner required by Medicare regulations. Defendant also criticizes the report's reliance on *Girling Health Care, Inc. v. Shalala,* 85 F.3d 211, 214 (5th Cir. 1996), arguing "[t]he Fifth Circuit was merely responding to Girling's argument and, as a result, its decision should be considered in that context." Docket No. 19 at 2.

Defendant's arguments mischaracterize the report's recommendation. The report does not unequivocally hold that it is never proper to resolve an exhaustion issue at the motion to dismiss phase. The report correctly finds that, in this case, it is improper to grant dismissal under Rule 12(b)(6). Here, based on the allegations in the complaint, Plaintiff did exhaust its administrative remedies. *See* Docket No. 1 ¶¶ 32–40. Defendant's motion to dismiss asks the Court to conduct an in-depth analysis of the evidence, which would require the Court to go beyond the pleadings at the motion to dismiss phase. The Court agrees with the report that such an analysis would require resolving the parties' factual dispute over whether Plaintiff exhausted its administrative remedies. *See Girling*, 85 F.3d. at 214–215; *see also, e.g.*, *Panola Nat'l Bancshares, Inc. v. Off. of Comptroller of Currency,* No. 6:12-CV-41, 2013 WL 12437744, at *2 (E.D. Tex. Jan. 11, 2013), *report and recommendation adopted*, 2013 WL 12437747 (E.D. Tex. Jan. 30, 2013) (construing motion to dismiss as motion for summary judgment). Based on the pleadings currently before the Court, the report correctly finds that this factual question should be resolved on the motion for summary judgment standard.

Defendant's reliance on *Sonas* is unpersuasive because that case is easily distinguishable from the facts here. In *Sonas*, it was clear from *the face of the complaint* that Sonas did not have a cognizable claim because the complaint itself concerned an ALJ's denial of a hearing because Sonas's request was untimely. 2023 WL 3021511, at *1. In other words, there was no dispute that Sonas was denied a hearing by the agency because it had not complied with the rules (*id.*, at *7–8), whereas here there is a dispute over whether Plaintiff's objections preserved the arguments currently before the Court.

For these reasons, Defendant's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 19) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 18) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendant's motion to dismiss (Docket No. 10) is **DENIED**.

**So ORDERED and SIGNED this 18th day of March, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE